**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA DEL RUFUGIO VILLALOBOS VILLALOBOS,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 18-72645<br><br>Agency No. A206-517-664<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2020[**]
Seattle, Washington

Before: McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

Maria Del Rufugio Villalobos Villalobos ("Villalobos") petitions for review

of the decision by the Board of Immigration Appeals ("BIA") dismissing the

appeal of the immigration judge's ("IJ") denial of her applications for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT").

We deny the petition for review.

1.      Substantial evidence supports the BIA's conclusion that Villalobos did not establish a nexus to a protected ground.[1]  Although asylum claims require that the persecution be based on "one central reason," withholding of removal claims only require "a reason" for the persecution.  *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).  The BIA concluded that Villalobos failed to establish that she was or would be persecuted on account of a protected ground for any reason; rather, she was targeted because of the Knights Templar's desire to continue its criminal efforts.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence . . . bears no nexus to a protected ground").  Notably, the Knights Templar had extorted money from her and her family every month over a ten-year period and, on one occasion, had physically threatened her at gunpoint before taking all the money from the register at her parents' store.  Further, Villalobos's parents continue to pay monthly extortion fees.  Thus, the BIA concluded that the Knights Templar's threat of harm after she signed the petition

---

[1] For purposes of this conclusion the BIA assumed that Villalobos had presented a timely asylum claim, cognizable social groups, and a political opinion.

was "at most, merely incidental to [its] criminal motives." Villalobos argues that the BIA erred in concluding that she was not persecuted on account of a protected ground; however, to reverse the BIA, Villalobos must present "evidence [that] not only *supports* [a contrary] conclusion, but *compels* it." *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992). Villalobos failed to meet this strict standard of review. Accordingly, Villalobos's asylum and withholding of removal claims fail.[2]

2.      Substantial evidence supports the BIA's denial of CAT relief. Although the BIA recognized that the Mexican government was not always effectual in its efforts against the cartel, there was insufficient evidence to show that the government and the Knights Templar worked together. Thus, Villalobos failed to establish a clear probability that she will face torture "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity" upon her removal to Mexico. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quoting *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003)); *see also id.* at 1034 (noting that the mere fact "a government has been generally ineffective in preventing or

---

[2] Because we deny the petition on the lack of nexus to a protected ground, we need not address Villalobos's other arguments.

3

investigating criminal activities" does not "raise an inference that public officials are likely to acquiesce in torture").

**PETITION FOR REVIEW DENIED.**